UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| _____<br>TRUSTIVO, LLC )<br> )<br>         PLAINTIFF )<br> )<br>v. )<br> )<br>INTEGRATED BEHAVIORAL )<br>HEALTH INC. d/b/a INTEGRATED )<br>BEHAVIORAL HEALTH )<br>INCORPORATED )<br> )<br>and )<br>RELIANT BEHAVIORAL )<br>HEALTH, LLC d/b/a RELIANT )<br>BEHAVIORAL HEALTH )<br>CORPORATION )<br> )<br>         DEFENDANTS )<br>_____)<br>INTEGRATED BEHAVIORAL )<br>HEALTH, INC. )<br> )<br>         COUNTERCLAIMANT )<br> )<br>v. )<br> )<br>TRUSTIVO, LLC )<br> )<br>         COUNTERCLAIM- )<br>         DEFENDANT )<br>_____) | DOCKET NO. 15-11470-IT |

**ANSWER AND COUNTERCLAIMS OF
INTEGRATED BEHAVIORAL HEALTH, INC.;
DEMAND FOR JURY TRIAL**

**ANSWER TO COMPLAINT**

THE PARTIES

1.      Defendant Integrated Behavioral Health, Inc. ("IBH") lacks knowledge or information

sufficient to form a belief as to the truth of the allegations contained in Paragraph 1 of the

Complaint of plaintiff Trustivo, LLC  ("Plaintiff") filed in this court on March 30, 2015  (the "Complaint") and therefore denies those allegations.

2.      IBH admits that it is a California corporation with its principal place of business located at 3070 Bristol Street, No. 350, Costa Mesa, California.  IBH further admits that it is engaged in the business of providing a full range of behavioral health, psychiatric disability, employee assistance programs ("EAPs"), and Work Life Services.  IBH further admits that its website indicates that IBH provides such services nationally.  IBH further admits that it offers its services to clients and their members (and families) in Massachusetts.  Except as expressly so admitted, IBH denies the remaining allegations contained in Paragraph 2 of the Complaint.

3.      On information and belief, IBH admits that defendant Reliant Behavioral Health, LLC is an Oregon corporation with its principal place of business located at 1220 SW Morrison, Suite 600, Portland, Oregon.  On information and belief, IBH further admits that RBH is a wholly-owned subsidiary of IBH and is in the business of providing a full range of behavioral health and EAP and Work Life Services, including to Massachusetts.  Except as expressly so admitted, IBH denies the remaining allegations contained in Paragraph 3 of the Complaint.

<u>Subject Matter Jurisdiction</u>

4.      IBH admits that Plaintiff has invoked subject matter jurisdiction under 28 U.S.C. § 1332 and further admits that the citizenship of the Plaintiff and all defendants is diverse.  IBH denies that Plaintiff's Complaint alleges in good faith that the amount in controversy exceeds $75,000.

<u>Jurisdiction and Venue</u>

5.      IBH admits that this court has personal jurisdiction over it for the purposes of this lawsuit.  Except as expressly so admitted, IBH denies the remaining allegations and/or legal conclusions contained in Paragraph 5 of the Complaint.

6.      IBH admits that it solicits business in the Commonwealth of Massachusetts.  On

information and belief, IBH admits that RBH solicits business in the Commonwealth of Massachusetts.  Except as expressly so admitted, IBH denies the remaining allegations and/or legal conclusions contained in Paragraph 6 of the Complaint.

7.      IBH denies the allegations and/or legal conclusions contained in Paragraph 7 of the Complaint.

8.      For purposes of this lawsuit, IBH admits that venue is proper in this court pursuant to 28 U.S.C. § 1391(b)(2), (b)(3) and (c)(2).  Except as expressly so admitted, IBH lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 8 and therefore denies those allegations.

## GENERAL ALLEGATIONS APPLICABLE TO ALL CLAIMS

### Trustivo's Business

9.      IBH lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9 of the Complaint and therefore denies those allegations.

## THE PARTIES' CONTRACTUAL AGREEMENTS

### The Initial Agreement Between TRUSTIVO and IBH

10.     IBH admits that it entered into a written agreement with Plaintiff dated November 1, 2013.  IBH denies that a copy of any such agreement is attached to the Complaint as Exhibit 1. IBH denies the remaining allegations contained in Paragraph 10 of the Complaint.

11.     The allegations contained in Paragraph 11 of the Complaint purport to characterize the terms of a written instrument, which instrument constitutes the best evidence of its terms and, on that basis, IBH denies the allegations contained in Paragraph 11 of the Complaint.

12.     The allegations contained in Paragraph 12 of the Complaint purport to characterize the terms of a written instrument, which instrument constitutes the best evidence of its terms and, on that basis, IBH denies the allegations contained in Paragraph 12 of the Complaint.

13.     The allegations contained in Paragraph 13 of the Complaint purport to characterize the terms of a written instrument, which instrument constitutes the best evidence of its terms and, on that basis, IBH denies the allegations contained in Paragraph 13 of the Complaint.

14.     The allegations contained in Paragraph 14 of the Complaint purport to characterize the terms of a written instrument, which instrument constitutes the best evidence of its terms and, on that basis, IBH denies the allegations contained in Paragraph 14 of the Complaint.

15.     The allegations contained in Paragraph 15 of the Complaint purport to characterize the terms of a written instrument, which instrument constitutes the best evidence of its terms and, on that basis, IBH denies the allegations contained in Paragraph 15 of the Complaint.

16.     IBH denies the allegations contained in Paragraph 16 of the Complaint.

17.     IBH admits that it offers EAP services to employers and employees in Massachusetts. Except as expressly so admitted, IBH denies the remaining allegations contained in Paragraph 17 of the Complaint.

## THE TWO ADDENDA TO THE INITIAL AGREEMENT

### The IBH Addendum

18.     IBH lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 18 of the Complaint and therefore denies those allegations.

19.     IBH admits that, in the summer of 2014, IBH had discussions with Plaintiff about the possibility of Plaintiff providing telephonic financial counseling to members who requested such services. IBH further admits that CLC, Inc. is a vendor of IBH's that provides financial counseling services. Except as expressly so admitted, IBH denies the remaining allegations contained in Paragraph 19 of the Complaint.

20.     IBH admits that it entered into a written agreement, entitled Addendum to Agreement, with Plaintiff dated as of August 1, 2014. IBH denies that a copy of any such agreement is

4

attached to the Complaint as Exhibit 2.  IBH denies the remaining allegations contained in Paragraph 20 of the Complaint.

21.      The allegations contained in Paragraph 21 of the Complaint purport to characterize the terms of a written instrument, which instrument constitutes the best evidence of its terms and, on that basis, IBH denies the allegations contained in Paragraph 21 of the Complaint.

22.      The allegations contained in Paragraph 22 of the Complaint purport to characterize the terms of a written instrument, which instrument constitutes the best evidence of its terms and, on that basis, IBH denies the allegations contained in Paragraph 22 of the Complaint.

23.      The allegations contained in Paragraph 23 of the Complaint purport to characterize the terms of a written instrument, which instrument constitutes the best evidence of its terms and, on that basis, IBH denies the allegations contained in Paragraph 23 of the Complaint.

24.      IBH admits that it offers EAP services to employers and employees in Massachusetts. Except as expressly so admitted, IBH denies the remaining allegations contained in Paragraph 24 of the Complaint.

<u>The RBH Addendum</u>

25.      IBH admits that RBH is a wholly-owned subsidiary of IBH.  IBH further admits that RBH provides employee assistance programs.  Except as expressly so admitted, IBH lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegation contained in Paragraph 25 of the Complaint and therefore denies those allegations.

26.      Upon information and belief, IBH admits that RBH and Plaintiff entered into a written agreement, entitled Addendum to Agreement, dated as of November 1, 2014.  IBH denies that a copy of any such agreement is attached to the Complaint as Exhibit 3.  IBH denies the remaining allegations contained in Paragraph 26 of the Complaint.

27.      The allegations contained in Paragraph 27 of the Complaint purport to characterize the

terms of a written instrument, which instrument constitutes the best evidence of its terms and, on that basis, IBH denies the allegations contained in Paragraph 27 of the Complaint.

28.    IBH denies the allegations contained in Paragraph 28 of the Complaint.

29.    The allegations contained in Paragraph 29 of the Complaint purport to characterize the terms of a written instrument, which instrument constitutes the best evidence of its terms and, on that basis, IBH denies the allegations contained in Paragraph 29 of the Complaint.

30.    The allegations contained in Paragraph 30 of the Complaint purport to characterize the terms of a written instrument, which instrument constitutes the best evidence of its terms and, on that basis, IBH denies the allegations contained in Paragraph 30 of the Complaint.

## THE REVENUES TO BE EARNED UNDER THE IBH ADDENDUM AND THE RBG [sic] ADDENDUM

31.    IBH lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 31 of the Complaint regarding Plaintiff's present knowledge or state of mind and, on that basis, denies the allegations contained in Paragraph 31 of the Complaint.  IBH further denies the remaining allegations contained in Paragraph 31 of the Complaint.

32.     IBH lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 32 of the Complaint regarding Plaintiff's state of mind and, on that basis, denies the allegations contained in Paragraph 32 of the Complaint.  IBH further denies the remaining allegations contained in Paragraph 32 of the Complaint.

## IBH AND RBH'S BREACH OF CONTRACT

33.    IBH denies the allegations contained in Paragraph 33 of the Complaint.

34.    IBH denies the allegations contained in Paragraph 34 of the Complaint.

35.    IBH denies the allegations contained in Paragraph 35 of the Complaint.

36.     IBH admits that, inasmuch as it had no obligation to exclusively refer members to Plaintiff, it had a right to transfer members to another vendor and so informed Plaintiff.  Upon information and belief, IBH admits that, inasmuch as RBH did not have any obligation to exclusively refer members to Plaintiff, RBH had a right to transfer members to another vendor and so informed Plaintiff.   Except as expressly so admitted, IBH denies the remaining allegations contained in Paragraph 36 of the Complaint.

37.     IBH denies the allegations contained in Paragraph 37 of the Complaint.

## COUNT 1

### Breach of Contract (Initial Agreement) v. IBH and RBH

38.     IBH repeats and realleges its responses to Paragraphs 1 through 37, inclusive, herein as though set forth in full.

39.     IBH denies the allegations contained in Paragraph 39 of the Complaint.

40.     IBH denies the allegations contained in Paragraph 40 of the Complaint.

## COUNT 2

### Breach of Contract (IBH Addendum) v. IBH

41.      IBH repeats and realleges its responses to Paragraphs 1 through 40, inclusive, herein as though set forth in full.

42.     IBH denies the allegations contained in Paragraph 42 of the Complaint.

43.     IBH denies the allegations contained in Paragraph 43 of the Complaint.

## COUNT 3

### Breach of Contract (RBH Addendum) v. RBH

44.     IBH repeats and realleges its responses to Paragraphs 1 through 43, inclusive, herein as though set forth in full.

45.     IBH denies the allegations contained in Paragraph 45 of the Complaint.

46.    IBH denies the allegations contained in Paragraph 46 of the Complaint.

## COUNT 4

### Breach of Covenant of Good Faith and Fair Dealing v. IBH and RBH

47.    IBH repeats and realleges its responses to Paragraphs 1 through 46, inclusive, herein as though set forth in full.

48.    Paragraph 48 purports to characterize and/or draw a legal conclusion regarding Massachusetts law rather than allege any fact and, on that basis, IBH is not required to admit, deny or otherwise plead in response to Paragraph 48 of the Complaint.

49.    IBH denies the allegations contained in Paragraph 49 of the Complaint.

50.    IBH denies the allegations contained in Paragraph 50 of the Complaint.

## AFFIRMATIVE DEFENSES

IBH alleges the following separate and affirmative defenses, without conceding that it bears the burden of proof or persuasion as to any of them.

## FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Cause of Action)

1.    The Complaint, and each and every claim alleged therein, fails to state facts sufficient to constitute a cause of action upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

### (Laches)

2.    The Complaint, and each and every cause of action alleged therein, is barred by the equitable doctrine of laches.

### THIRD AFFIRMATIVE DEFENSE

#### (Estoppel)

3.     The Complaint, and each and every cause of action alleged therein, is barred by the equitable doctrine of estoppel.

### FOURTH AFFIRMATIVE DEFENSE

#### (Waiver)

4.     The Complaint, and each and every cause of action alleged therein, is barred by the doctrine of waiver.

### FIFTH AFFIRMATIVE DEFENSE

#### (Unclean Hands)

5.     The Complaint, and each and every cause of action alleged therein, is barred by the doctrine of unclean hands.

### SIXTH AFFIRMATIVE DEFENSE

#### (Justification)

6.     The Complaint, and each and every cause of action alleged therein, is barred because IBH was justified in doing any and/or all of the matters alleged in the Complaint.

### SEVENTH AFFIRMATIVE DEFENSE

#### (Failure to Mitigate)

7.     IBH is informed and believes, and based thereon alleges, that Plaintiff has failed, and continues to fail, to act reasonably to mitigate the damages, if any, alleged in the Complaint.

### EIGHTH AFFIRMATIVE DEFENSE

#### (Plaintiffs' Own Material Breach)

8.     Each and every cause of action in the Complaint is barred, and any recovery by Plaintiff is precluded in whole or in part, by virtue of Plaintiff's own breaches of the material obligations

under the agreements alleged in the Complaint.

## NINTH AFFIRMATIVE DEFENSE

### (Set Off)

9.      Each and every cause of action in the Complaint is subject to IBH's right to set off as a result of damages sustained by IBH caused by Plaintiff.

## TENTH AFFIRMATIVE DEFENSE

### (Frustration of Purpose)

10.     Plaintiff's Complaint, including each purported claim for relief, is barred because Plaintiff frustrated, hindered, and prevented IBH from performing.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Right to Assert Additional, Unknown Affirmative Defenses)

11.     IBH presently has insufficient knowledge or information upon which to form a belief as to whether it may have additional, and as yet unstated, affirmative defenses available to it.  IBH reserves the right to asset additional affirmative defenses in the event discovery indicates they are appropriate.

## PRAYER FOR RELIEF

WHEREFORE, Integrated Behavioral Health, Inc. prays for judgment as follows:

1.      That Plaintiff take nothing by the Complaint, and the Complaint, and each and every count therein, be dismissed with prejudice;

2.      For costs of suit incurred herein;

3.      For reasonable attorney's fees to the extent allowable; and

4.      For such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

In accordance with Federal Rule of Civil Procedure 38, Defendant Integrated Behavioral Health, LLC demands a trial by jury of all issues so triable.

## COUNTERCLAIMS

### THE PARTIES

1.      Counterclaimant Integrated Behavioral Health, Inc. ("IBH") is a California corporation with its principal place of business located at 3070 Bristol Street, Suite 350, Costa Mesa, California.  IBH is engaged in the business of providing a full range of behavioral health, psychiatric disability, employee assistance programs and so-called work life services, which are programs designed to help employees manage everyday tasks that are sometimes difficult and time consuming when trying to balance the demands of both work and life (collectively, referred to as "Employee Assistance Programs" or "EAPs").

2.      IBH is informed and believes, and based thereon alleges, that Counterclaim-Defendant Trustivo, LLC ("Trustivo") is a Delaware limited liability company with its principal place of business located at 245 First Street Riverview II, Suite 1800, Cambridge, Massachusetts.  IBH is further informed and believes, and based thereon alleges, that Trustivo markets itself as an early-stage company engaged in the business of providing comprehensive employee financial health services for the benefit of individuals and their families through a national provider referral network of qualified independent financial advisors, over-the-phone financial counselors, and online financial resources.

### Jurisdiction and Venue

3.      This Court has subject matter jurisdiction over this Counterclaim pursuant to 28 U.S.C. § 1332 in that the citizenship of the Plaintiff and all defendants is diverse and the amount in controversy exceeds the sum of $75,000.

4.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(1) and (2) in that Trustivo resides in this judicial district and a substantial part of the events or omissions giving rise to this

Counterclaim occurred in this judicial district. It is also a proper venue in that Trustivo filed its

Complaint in this judicial district.

## GENERAL ALLEGATIONS APPLICABLE TO ALL CLAIMS

### IBH's Business

5.      IBH is in the business of providing Employee Assistance Programs, or EAPs, to

employers and their employees throughout the nation.

6.      Generally, an EAP is an employee benefit program offered by an employer to its

employees, which provides the employee with a variety of support programs and services.  EAPs

originated in the 1970s in an effort to reduce substance abuse and intoxication in the workplace;

however, since that time, EAPs have evolved to assist employees with a multitude of personal

problems that may adversely affect their job performance, health, and well-being.  Because EAPs

are paid for by the employer, EAP services are free to the employee and their household

members.  EAPs generally include short-term counseling and referral services for employees and

their household members.

7.      While EAPs are aimed mainly at work-related difficulties, employees and their family

members may voluntarily seek out and use EAPs to assist them with managing issues in their

personal lives. EAP counselors typically provide assessment, support and referrals to additional

resources, such as counselors for a limited number of counseling sessions that are paid for

through the program and not by the employee personally.  The issues for which EAPs provide

support can vary, but examples include:  substance abuse; occupational stress; emotional

distress; major life events, including births of children; accidents and deaths, health care

concerns; financial or non-work-related legal concerns; family/personal relationship issues; work

relationship issues; concerns about aging parents; and legal and financial counseling.  EAP

provider companies generally rely upon other vendors or contracted parties for specialized

services to supplement their own services.  These typically include forensic psychiatrists and psychologists, financial advisors, attorneys, travel agents, and elder/child care specialist.

8.      As it relates to IBH and its EAP services, an employer contracts with IBH to provide EAP services, pursuant to which the client-employer and IBH agree upon monthly payments typically determined by the number of employees covered on a per month basis.  These payments are used by IBH to pay for all counseling or consulting services that may be provided outside of the IBH central services staff.

9.      Except in certain circumstances, such as where an employer mandates an assessment or treatment of an employee as a condition of continued employment, use by an employee and their household members of the IBH EAP services is completely voluntary and services are initiated by the individual employee, family member or household member.  When an employee does decide to use the IBH EAP services they place a call to an IBH EAP case manager who determines, based on the nature of the caller's issues or needs, which one of the several network providers could address the caller's personal issues.  A referral to a provider is then made to the employee, with the case manager authorizing one or more units of service for the identified network provider.  The employee then contacts the provider and the provider delivers their service.  The provider submits an invoice to IBH for reimbursement for the authorized service and IBH pays the invoice pursuant to the authorization.

10.     In order to have known providers and agreed-upon reimbursement rates, IBH recruits, credentials and contracts with over 15,000 service providers across the nation.  Most are individual or group counselors, but some are specialty providers for issues such as elder/child care, family training, travel, legal or financial issues.  The process for access to these specialty services is no different from the other non-specialty services offered through the IBH EAPs.  The activity for any of the services offered through IBH depends on whether an employee requests

the services and IBH's assessment of the issue and referral actions.

11.     IBH does not, nor can it, guarantee, pre-pay or block contract for any of the various

services of the service providers because utilization of a service is entirely dependent on whether

an employee needs or requests the service and IBH's selection of which among the appropriate

providers to refer the employee to for assistance.  This process is the same for any of the services

offered through IBH's EAPs, including specialty services such as legal and financial services.

## THE PARTIES' AGREEMENTS

### The November 2013 Agreement Between Trustivo and IBH

12.     Since at least 2006, IBH has contracted with CLC, Inc. in order to provide specialty

services in the areas of legal and financial services to employees and their family members of the

groups receiving EAP services through IBH.

13.     In or around late 2013, IBH was approached by Rad Pasovschi, the Chief Executive

Officer of Trustivo, who wanted to supply financial services to IBH's member employer base

through IBH's EAP.  In order to persuade IBH to enter into a contract for Trustivo's services,

Trustivo and Mr. Pasovschi promised that Trustivo would, among other promises, (i) assist IBH

in enhancing its current EAP services; (ii) be committed to providing high quality financial

wellness services to IBH's clients; (iii) provide lower fees for financial consulting services to

IBH and thereby to IBH's employer-customer base, (iv) extend the duration of the financial

services provided to an employee to unlimited use as opposed to a short fixed-interval of time;

and (v) provide IBH with revenue sharing based on Trustivo's claims that it would receive

revenue from the financial services counselors and professionals that it would contract with

Trustivo to provide financial planning services to members who are eligible to receive EAP

services through IBH.

14.     Ultimately, as a result of the discussions between the parties and the promises made by

Trustivo, IBH and Trustivo entered into a written agreement dated as of November 1, 2013 (the

"November 2013 Agreement").  A true and correct copy of the November 2013 Agreement is

attached hereto as Exhibit "1" and is incorporated herein by this reference as though set forth in

full.

15.     Consistent with IBH's EAP business model as described hereinabove, the terms of the

November 2013 Agreement provided that IBH would:  introduce the Trustivo platform to its

current customers;  promote and market the financial services as part of its regular EAP

communication processes to its members; provide Trustivo with member specific data needed for

it to provide the financial services; and cooperate and support Trustivo with any public relations

and marketing efforts, such as press releases and other communications consistent with IBH

client requirements.  (Exhibit 1 hereto at 2(A)).  The Agreement further provided that IBH

would: introduce Trustivo's financial service as part of its regular EAP service offerings to all

future customers immediately upon sign up for IBH services; implement jointly with Trustivo a

periodic service adoption rate monitoring mechanism; and jointly manage any follow up

activities designed to promote participation in the financial services.  (Exhibit 1 hereto at 2(B),

(C)).

16.     For its part under the November 2013 Agreement, Trustivo obligated itself to, among

other things:  (i) fully cooperate with IBH in the customer roll out process; (ii) provide support

and content for any communication materials needed by IBH for communication/promotion of

the financial services to IBH's customers; (iii) provide any other financial service-related content

needed by IBH for the purpose of the planning, implementation and/or rollout; (iv) provide

financial services to IBH for the benefit of both current and future customers; (v) provide a

national network of independent qualified and vetted financial planners and advisors, including

vetting professionals on its platform so as to ensure that it was providing credible and trusted

professionals; manage the Trustivo network of advisors; (vi) provide the financial services at no cost to IBH clients; (vii) implement with IBH a periodic service adoption rate monitoring mechanism; (viii) jointly manage any follow up activities designed to promote the financial services; and (ix) comply with all applicable federal and state laws and regulations.  (Exhibit 1 hereto at 3(B), (C), (D) and (E), (F) and (G)).

17.     Further, Trustivo agreed to provide IBH with a revenue share percentage of five percent (5%) of the fee Trustivo anticipated collecting from financial advisors in its network (i.e., a Trustivo network provider) who would pay Trustivo the sum of one hundred and seventy five dollars ($175) in the form of a connection request fee when an employee requesting financial planning services was referred by IBH to the Trustivo network provider. (Exhibit 1 hereto at 3(F)).

<u>The August 2014 Addendum Between Trustivo and IBH</u>

18.     Between the parties' execution of the November 2013 Agreement and the summer of 2014, Trustivo and IBH had discussions about Trustivo's desire to further the parties' relationship by offering IBH the ability to participate in referrals over the telephone from employees who would call IBH seeking financial services.  Trustivo made promises about expanded capabilities and services beyond those provided by another of IBH's vendors, CLC, Inc, in order to induce IBH to enter into an expanded relationship.  Among other promises, Trustivo promises included five call centers with 360 financial counselors available to allow the IBH members immediate access to a financial counselor.

19.     In reliance on Trustivo's promises, IBH and Trustivo entered into a written agreement dated as of August 1, 2014 entitled "Addendum to Agreement" (the "August 2014 Addendum"). A true and correct copy of the August 2014 Addendum is attached hereto as Exhibit "2" and is incorporated herein by this reference as though set forth in full.

20.     At Trustivo's request in order to gauge the activity level IBH was experiencing at that time, IBH provided Trustivo with an estimate of the number of referrals that were being made to its legal and financial services vendor, CLC.  However, under the terms of the August 2014 Addendum, and consistent with IBH's EAP business model, the parties agreed that there would be no guarantee of the number of calls that may be referred to Trustivo and that the level of calls would be expected to fluctuate significantly in any given period.  Indeed, the parties agreed that "[i]t is expected that the volumes of IBH EAP member calls in need of the Service shall range on a monthly basis:  approximately 100 to 150 EAP members."  (Exhibit 2 hereto at § 1).

21.     Under the terms of the August 2014 Addendum, in addition to its obligations under the November 2013 Agreement, Trustivo was obligated to:  (i) provide IBH EAP members with a range of personalized financial counseling services, including budget, credit and debt counseling; (ii) provide the services over the telephone 24 hours per day, seven days per week; (iii) provide the services in both English and Spanish, with dedicated referral numbers for each; (iv) ensure that when an IBH case manager transfers an employee to the Trustivo call-in center, Trustivo's representative would transfer the employee to the appropriate Trustivo financial counselor immediately, or if requested by the employee, at a later or more convenient time; (v) ensure that there would be no time limits on the counseling service provided to the employee; (vi) provide monthly service usage reports to IBH; and (vii) work with IBH to monitor operational performance levels for the service.  (Exhibit 2 at §§ 2(A)-(G), (I)).

<u>Trustivo's Material Breach of the Parties' Agreements</u>

22.     Trustivo materially breached its obligations under the Parties' Agreements.

23.     Trustivo materially breached its obligations under the November 2013 Agreement by, among other things:

        a.      Failing and refusing, despite repeated requests from IBH, to provide IBH with

appropriate material, information and content to enable IBH to communicate and promote to

IBH's clients IBH's ability to provide financial services under the November 2013 Agreement.

Instead, Trustivo continually provided IBH with what amounted to Trustivo marketing material

which was not suitable for promoting IBH's EAP service offerings; and

      b.      Failing and refusing to pay IBH all the fees due as its share of the revenue sharing

despite IBH having introduced Trustivo to a substantial number of IBH's employer customers

and their employees who sought financial counseling services through Trustivo.

24.      Trustivo materially breached its obligations under the August 2014 Addendum by, among

other things:

      a.      Failing and refusing to correct service-related issues which were brought to its

attention.  These issues included, but are not limited to, issues attendant to improper training of

Trustivo's call-in center operators and their lack of understanding of the IBH EAP program and

Trustivo's role and promised services, the failure to properly handle on a timely and adequate

basis the referral of employees requesting financial counseling, and the failure to keep scheduled

appointments with members;

      b.      Failing to provide IBH with accurate monthly usage reports, which in a number of

instances purported to seek collection of the referral fee of $20 for employees who had not been

referred to Trustivo and employees of employers who were not in IBH's EAP network;

      c.      Failing and refusing to correct discrepancies in its monthly usage reports when

notified by IBH;

      d.      Failing and refusing to provide appropriate materials as requested by IBH for the

purpose of enabling IBH to promote and educate its EAP members about the financial planning

services available through IBH's EAP program;

      e.      Failing to properly service the needs of referrals made to it by IBH, which in

many instances resulted in the employee having to be referred to IBH's other financial services

provider, CLC, and thereby incurring and being required to pay additional referral charges; and

      f.      Failing to call members back to provide them with a counseling appointment as

they requested; and

      g.      Failing to make outgoing calls to members when necessary to provide or follow

through with the services.

Trustivo's Wrongful Termination of the Parties' Agreements

25.    After IBH brought to Trustivo's attention the failure of Trustivo to perform its

obligations under the November 2013 Agreement and the August 2014 Addendum, Trustivo

purported to put IBH on notice that IBH was in material default and that Trustivo planned to

terminate the parties' agreements unless IBH agreed that Trustivo was its sole and  exclusive

financial services provider and IBH would introduce *all* of IBH's members and employees to

Trustivo and provide Trustivo with verifiable proof that it had done so.

26.    Trustivo's demands were contrary to the parties' agreements and, as a result, not

acceptable to IBH which refused to give into Trustivo's unilateral demands.

27.    Having not succeeded in forcing IBH to accede to its demands, Trustivo unilaterally and

without basis terminated the parties' agreements and commenced this action.

**COUNT I**

Breach of Contract (November 2013 Agreement)

28.    IBH repeats and realleges the allegations contained in Paragraphs 1 through 27, inclusive,

herein as though set forth in full.

29.    IBH and Trustivo entered into the November 2013 Agreement as set forth in Exhibit 1

attached hereto.

30.    IBH performed all conditions, covenants, and promises required of it in accordance with

20

the terms and conditions of the November 2013 Agreement, except to the extent that IBH's performance has otherwise been excused.

31.     Trustivo has materially breached the November 2013 Agreement as alleged hereinabove by, among other things,

     a.     Failing and refusing, despite repeated requests from IBH, to provide IBH with appropriate material, information and content to enable IBH to communicate and promote to IBH's clients IBH's ability to provide financial services under the November 2013 Agreement. Instead, Trustivo continually provided IBH with what amounted to Trustivo marketing material which was not suitable for promoting IBH's EAP service offerings; and

     b.     Failing and refusing to pay IBH all the fees due as its share of the revenue sharing despite IBH having introduced Trustivo to a substantial number of IBH's employer customers and their employees who sought financial planning services through Trustivo.

32.     As a result of Trustivo's material breaches of the November 2013 Agreement, IBH has suffered, and will continue to suffer, substantial damages in an amount to be determined at the time of trial.

## COUNT 2

### Breach of Contract (August 2014 Addendum)

33.      IBH repeats and realleges the allegations contained in Paragraphs 1 through 32, inclusive, herein as though set forth in full.

34.     IBH and Trustivo entered into the August 2014 Addendum as set forth in Exhibit 2 attached hereto.

35.     IBH performed all conditions, covenants, and promises required of it in accordance with the terms and conditions of the August 2014 Addendum, except to the extent that IBH's performance has otherwise been excused.

36.     Trustivo has materially breached the November 2013 Agreement  as alleged hereinabove by, among other things,

   a.  Failing and refusing to correct service-related issues which were brought to its attention.  These issues included, but are not limited to, issues attendant to improper training of Trustivo's call-in center operators and their lack of understanding of the IBH EAP program and Trustivo's role and promised services, and the failure to properly handle on a timely and adequate basis the referral of employees requesting financial counseling;

   b.  Failing to provide IBH with accurate monthly usage reports, which in a number of instances purported to seek collection of the referral fee of $20 for employees who had not been referred to Trustivo and employees of employers who were not in IBH's EAP network;

   c.  Failing and refusing to correct discrepancies in its monthly usage reports when notified by IBH;

   d.  Failing and refusing to provide appropriate materials as requested by IBH for the purpose of enabling IBH to promote and educate its EAP members about the financial planning services available through IBH's EAP program;

   e.  Failing to properly service the needs of referrals made to it by IBH, which in many instances resulted in the employee having to be referred to IBH's other financial services provider, CLC, and thereby incurring and being required to pay additional referral charge;

   f.  Failing to call members back to provide them with a counseling appointment as they requested; and

   g.  Failing to make outgoing calls to members when necessary to provide or follow through with the services.

37.     As a result of Trustivo's material breaches of the August 2014 Addendum, IBH has suffered, and will continue to suffer, substantial damages in an amount to be determined at the

time of trial.

## COUNT 3

<u>Breach of Covenant of Good Faith and Fair Dealing</u>

38.     IBH repeats and realleges the allegations contained in Paragraphs 1 through 37, inclusive,

herein as though set forth in full.

39.     Under Massachusetts law, every contract contains an implied covenant of good faith and

fair dealing.

40.     Trustivo's actions, as alleged hereinabove, were intended to and did deprive IBH of the

expected benefits of the November 2013 Agreement and the August 2014 Addendum, and

constitutes a breach of the implied covenant of good faith and fair dealing implied in those

agreements.

41.     IBH has suffered and will continue to suffer substantial damages as a result of Trustivo's

breach of the covenant of good faith and fair dealing.

## COUNT 4

<u>Declaratory Relief</u>

42.     IBH repeats and realleges the allegations contained in Paragraphs 1 through41, inclusive,

herein as though set forth in full.

43.     As alleged hereinabove, an actual controversy has arisen and now exists between IBH, on

the one hand, and Trustivo, on the other hand, concerning the parties' respective rights, duties

and obligations under the November 2013 Agreement and the August 2014 Addendum.

44.     IBH desires a judicial determination of its rights and duties under the November 2013

Agreement and August 2014 Addendum.

45.     A judicial declaration is necessary and appropriate at this time under the circumstances in

order that IBH may ascertain its rights and duties under the November 2013 Agreement and

August 2014 Addendum and Trustivo's wrongful termination thereof.

## PRAYER FOR RELIEF

WHEREFORE, Integrated Behavioral Health, Inc. prays that the Court:

1.      Enter judgment on Count 1 in favor of Integrated Behavioral Health, Inc. and against Counterclaim-Defendant Trustivo, LLC in an amount to be determined by the Court, together with interest, costs and, to the extent allowable, attorneys' fees;

2.      Enter judgment on Count 2 in favor of Integrated Behavioral Health, Inc. and against Counterclaim-Defendant Trustivo, LLC in an amount to be determined by the Court, together with interest, costs and, to the extent allowable, attorneys' fees;

3.      Enter judgment on Count 3 in favor of Integrated Behavioral Health, Inc. and against Counterclaim-Defendant Trustivo, LLC in an amount to be determined by the Court, together with interest, costs and, to the extent allowable, attorneys' fees;

4.      Declare pursuant to Count 4 that Integrated Behavioral Health, Inc. owes no obligations or duties to Counterclaim-Defendant Trustivo, LLC under either the parties' November 2013 Agreement or the August 2014 Addendum; and

4.      Grant such other and further relief as the Court may deem just, equitable and proper.

## DEMAND FOR JURY TRIAL

In accordance with Federal Rule of Civil Procedure 38, Defendant and Counterclaimant

Integrated Behavioral Health, Inc. demands a trial by jury of all issues so triable.


For INTEGRATED BEHAVIORAL
HEALTH, INC. and RELIANT
BEHAVIORAL HEALTH LLC


/s/ J. Christopher Jaczko
J. Christopher Jaczko (*Pro Hac Vice*)
PROCOPIO, CORY, HARGREAVES &
SAVITCH LLP
12544 High Bluff Drive, Suite 300
San Diego, CA 92130
Tel:  858.720.6300
chris.jaczko@procopio.com

Lee T. Gesmer
Lee T. Gesmer (BBO No. 190260)
GESMER UPDEGROVE LLP
40 Broad Street
Boston MA 02109
Tel: 617.350.6800
lee.gesmer@gesmer.com


Dated:  May 15, 2015

## CERTIFICATE OF SERVICE

I hereby certify that on May 15, 2015 I electronically filed the foregoing with the Clerk for the United States District Court for the District of Massachusetts by using the CM/ECF system. I certify that all participants in the case are registered CM/ECF.


/s/ Lee T. Gemer
Lee T. Gesmer

Dated:  May 15, 2015