UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| TRUSTIVO, LLC | ) |
| | ) |
| PLAINTIFF | ) |
| | )  DOCKET NO. 1:15-CV-11470-IT |
| v. | ) |
| | ) |
| INTEGRATED BEHAVIORAL | ) |
| HEALTH INC. d/b/a INTEGRATED | ) |
| BEHAVIORAL HEALTH | ) |
| CORPORATION | ) |
| | ) |
| and | ) |
| RELIANT BEHAVIORAL | ) |
| HEALTH, LLC d/b/a RELIANT | ) |
| BEHAVIORAL HEALTH | ) |
| CORPORATION | ) |
| | ) |
| DEFENDANTS | ) |

**ANSWER OF TRUSTIVO, LLC TO COUNTERCLAIM OF INTEGRATED BEHAVIORAL HEALTH, INC.**

THE PARTIES

1.   Admitted.

2.   Admitted as to the first sentence. Admitted as to the second sentence except that Trustivo denies that it markets itself as an early-stage company.

3.   Denied that the amount in controversy as it relates to the counterclaims exceeds the sum of $75,000, but admitted as to the remainder of the allegations.

4.   Admitted.

5.   Admitted.

6.   Admitted as to the first, second and fourth sentences, but denied as to the third.

7.   Admitted, except that Trustivo denies the allegations in the fourth and fifth sentences.

8. Trustivo is without sufficient knowledge as to the allegations of this paragraph and therefore calls upon IBH to prove the allegations.

9. Trustivo is without sufficient knowledge as to the allegations of this paragraph and therefore calls upon IBH to prove the allegations.

10. Trustivo is without sufficient knowledge as to the allegations of this paragraph and therefore calls upon IBH to prove the allegations.

11. Trustivo is without sufficient knowledge as to the allegations of this paragraph and therefore calls upon IBH to prove the allegations.

12. Trustivo admits, upon information and belief, that IBH has contracted with CLC, Inc. to provide financial and legal services, but is without sufficient knowledge as to the remainder of the allegations in this paragraph.

13. Admitted as to the first sentence of paragraph 13. Answering further, Trustivo admits that the parties negotiated a contract containing certain promises, but denies that paragraph 13 accurately or fully describes the negotiations and communications between the parties, or the contract terms.

14. Trustivo admits that IBH and Trustivo entered into a written agreement dated as of November 13, 2013, and admits that the contract was entered as a result of the discussions between the parties. Trustivo denies that IBH entered the contract as a result of "promises" made by Trustivo.

15. Trustivo is without sufficient knowledge as to whether the terms of the parties' agreements are consistent with IBH's EAP business model. Answering further, Trustivo states that the terms of the parties' written agreements speak for themselves and allegations as to the content of such agreements requires no response.

16. Trustivo states that the terms of the parties' written agreements speak for themselves and allegations as to the content of such agreements require no response.

17. Trustivo states that the terms of the parties' written agreements speak for themselves and allegations as to the content of such agreements require no response.

18. Trustivo admits that between the parties' execution of the November 2013 Agreement and the summer of 2014, Trustivo and IBH had discussions about furthering the parties' relationship, and that the parties entered into an addendum to the November 2013 Agreement that expanded the parties' relationship. Trustivo further admits that it described its capabilities and services to IBH, but denies that paragraph 18 fully and accurately characterizes the discussions and communications between the parties or fully and accurately describes the terms of the addendum.

19. Trustivo admits that IBH and Trustivo entered into a written agreement dated as of August 1, 2014 entitled "Addendum to Agreement. Trustivo denies that IBH entered into the addendum solely as a result of or in reliance on any promises made by Trustivo.

20. The allegations set forth in the first sentence of paragraph 13 are unduly vague and are therefore denied. Answering further, Trustivo further states that the terms of the parties' written agreements speak for themselves and allegations as to the content of such agreements require no response. Trustivo is without sufficient knowledge as to whether the parties' agreements are consistent with IBH's EAP business model.

21. Trustivo states that the terms of the parties' written agreements speak for themselves and allegations as to the content of such agreements require no response.

22. Denied.

23. Trustivo denies each and every allegation set forth in paragraph 23, including all of its subparts.

24. Trustivo denies each and every allegation set forth in paragraph 24, including all of its subparts.

25. Trustivo admits that it gave written notice to IBH of IBH's material breaches of the parties' contracts, but otherwise denies the allegations of paragraph 25.

26. Denied.

27. Trustivo admits that it commenced this action, but denies the remaining allegations of paragraph 27.

## COUNT 1

28. TRUSTIVO repeats and reasserts it answers to all prior paragraphs as if set forth fully herein.

29. Admitted.

30. Denied.

31. Trustivo denies the allegations of paragraph 31, including all its subparts.

32. Denied.

## COUNT 2

33. TRUSTIVO repeats and reasserts it answers to all prior paragraphs as if set forth fully herein.

34. Admitted.

35. Denied.

36. Trustivo denies the allegations of paragraph 36, including all its subparts.

37. Denied.

## COUNT 3

38. TRUSTIVO repeats and reasserts it answers to all prior paragraphs as if set forth fully herein.

39. Admitted.

40. Denied.

41. Denied.

## COUNT 4

42. TRUSTIVO repeats and reasserts it answers to all prior paragraphs as if set forth fully herein.

43. Trustivo admits that an actual controversy has arisen and now exists between Trustivo and IBH, but denies that the facts alleged by IBH accurately describe the controversy.

44. Paragraph 44 does not contain allegations of fact that require a response. To the extent that paragraph 44 purports to contain an allegation of fact, it is denied.

45. Paragraph 44 does not contain allegations of fact that require a response. To the extent that paragraph 44 purports to contain an allegation of fact, it is denied.

### AFFIRMATIVE DEFENSES

1. The counterclaim fails to state a claim upon which relief may be granted.

2. The counterclaims are barred by the doctrine of laches.

3. The counterclaims are barred by IBH's waiver.

4. The counterclaims are barred by because all of Trustivo's actions were justified.

5. The counterclaims are barred by IBH's failure to mitigate its alleged damages.

6. The counterclaims are barred by IBH's own material breaches of the contract.

7. The counterclaims are barred by IBH's willful and intentional violations of Massachusetts General Laws, chapter 93A.

8. The counterclaims are subject to Trustivo's right of set off.

9. The counterclaims are barred because IBH frustrated, hindered, and prevented Trustivo from performing.

10. The counterclaims are barred by IBH's failure to comply with a condition precedent to suit, to wit, the notice and opportunity to cure provisions of the contracts between the parties.

11. The counterclaims are frivolous, wholly insubstantial and asserted in bad faith.

WHEREFORE, the plaintiff TRUSTIVO, LLC respectfully requests that the court

1. Dismiss the counterclaims with prejudice.

2. Award Trustivo costs and reasonable attorneys fees.

3. Grant such other relief as may be just, equitable, and proper.

TRUSTIVO, LLC DEMANDS A TRIAL BY JURY ON ALL CLAIMS AND ISSUES THAT ARE SO TRIABLE

TRUSTIVO LLC,

BY ITS COUNSEL,

*/s/Timothy M. Hughes*
Timothy M. Hughes, BBO#548708
Attorney at Law
6 Old County Road, Suite 9
Sudbury, MA 01776
978-443-4460
hugheslaw1@verizon.net

DATED: June 5, 2015

## CERTIFICATE OF SERVICE

I hereby certify that on this the 5th day of June 2015, a copy of the foregoing electronically filed document was served on the parties listed below by first class mail, postage prepaid, unless said party is a registered CM/ECF participant who has consented to electronic notice, and the Notice of Electronic Filing indicates that Notice was electronically mailed to said party:

J. Christopher Jaczko
Procopio, Cory, Hargreaves, & Savitch, LLP
12544 High Bluff Drive, Suite 300
San Diego, CA 92130

Lee T. Gesmer
BBO#190260
Gesmer Updegrove LLP
40 Broad Street
Boston, MA 02109

                                                /s/ Timothy M. Hughes